UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAZ MORRIS DARNALL,

    Petitioner,

v.

ROBERT NAPEL,

    Respondent.
_____/

CASE NO. 2:11-12648
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER (1) GRANTING MOTION TO HOLD PETITION IN ABEYANCE [DKT. 3] AND (2) ADMINISTRATIVELY CLOSING CASE

Taz Morris Darnall, ("petitioner"), presently confined at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for second-degree murder, M.C.L.A. 750.317. Petitioner has also filed a motion to hold the petition in abeyance pending exhaustion in state court of certain unexhausted claims. For the reasons stated below, the motion to hold the petition in abeyance is **GRANTED** and the Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** the case.

### I. BACKGROUND

Petitioner was convicted of the above offense following a jury trial in Macomb County. He was sentenced on October 31, 2007 as a second offense habitual offender, M.C.L.A. 769.10, to 30 to 70 years in prison. In his habeas petition, petitioner claims that his federal constitutional rights were violated by the admission at his trial of the

preliminary examination testimony of his wife, prosecutorial misconduct, ineffective assistance of trial counsel, and an excessive and vindictive sentence.

The matter is currently before the Court on petitioner's motion to hold his habeas petition in abeyance so that he may finish pursuing state court remedies on additional claims of prosecutorial misconduct, violation of his Sixth Amendment right to counsel, additional claims of ineffective assistance of trial counsel, and due process problems in a court order requiring petitioner to reimburse the county for his court-appointed attorney. The petitioner states that he has submitted to the state trial court a motion for relief from judgment pursuant to Michigan Court Rules 6.500 *et seq.*, although petitioner does not state when he filed that motion.

## II.  ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, petitioner admits that he has a motion for relief from judgment pending in the state trial court concerning his challenged convictions, and that the motion for relief from judgment contains claims that have not yet been exhausted in state court. Petitioner must complete the state court process before seeking habeas relief in federal court.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. *Pace*, 544 U.S. at 417 (citing *Rhines*, 544 U.S. at 278). A petitioner's "reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file in federal court." *Id.* (citing *Rhines*, 544 U.S. at 278).

Petitioner filed the present petition and simultaneously filed the motion to hold the petition in abeyance presumably to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limit for a state prisoner to file a federal habeas corpus action. *Jimenez v. Quarterman*, 555 U.S. 113, ___, 129 S. Ct. 681, 683 (2009); 28 U.S.C. § 2244(d)(1). The time limit runs from the latest of four periods, usually from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The conclusion of direct review occurs when the United States Supreme Court affirms a conviction on the merits on direct review or denies a petition for certiorari. *Jimenez*, 129 S. Ct. at 685. If the petitioner chooses not to seek direct review

3

in the United States Supreme Court, the conviction becomes final when the time for filing a petition for certiorari expires. *Id.*

Petitioner asserts that he has already filed with the trial court a motion for post-conviction relief. The AEDPA statute of limitations is tolled during the period any "properly filed" motion for post-judgment relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Assuming the petitioner's motion for relief from judgment was properly filed, the filing of that motion tolls the statute of limitations. If, however, a state post-conviction motion is not properly filed in accordance with state law, the pendency of the motion does not trigger statutory tolling. *See Pace*, 544 U.S. at 417 (untimely state post-conviction petition not "properly filed," does not toll statute of limitations). So, while a properly filed motion for relief from judgment tolls the limitations period, the Court cannot at this point determine whether the state court will determine that the motion was properly filed. Assuming that the motion was properly filed, the court cannot determine from the face of the petition how much time remains, if any, of the one-year limitation period. If any time remains, it is likely very little.

Under the circumstances, the Court finds that a stay is appropriate. The petitioner potentially has good cause for his failure to exhaust, his unexhausted claims are not frivolous on their face, and there is no indication that he has engaged in intentionally dilatory litigation tactics. The statute of limitations for federal habeas is close to running

4

out, if it has not done so already. Under such circumstances, a stay is appropriate. *See Rhines*, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

The Supreme Court in *Rhines* cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA and that a petition should not be stayed indefinitely. *Rhines*, 544 U.S. at 277. A stay should instead be explicitly conditioned on the prisoner's pursuing state remedies within a certain time period after the stay is entered and returning to federal court within a similarly brief period. *Id.* at 278. The Court thus conditions the stay on the petitioner's filing a motion for post-conviction relief with the appropriate state court within 30 days of the date of this order, if he has not filed such a motion already, and returning to this court within 60 days of the date state court exhaustion is completed.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that petitioner's Motion to Hold Habeas Petition in Abeyance [Dkt. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner may filed a post-conviction motion for relief from judgment with the appropriate state court within **thirty (30) days** of the date of this Court's order, if petitioner has not already filed such a motion.

**IT IS FURTHER ORDERED** that this case shall be **HELD IN ABEYANCE** pending petitioner's exhaustion of his state court remedies, provided that petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files, in the above-captioned case, a motion to lift the stay and files an amended petition adding the exhausted claims.

**IT IS FURTHER ORDERED** that the Clerk of the Court **CLOSE** this case for statistical purposes only. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2011, by electronic and/or ordinary mail.

_____
Case Manager