UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAZ MORRIS DARNALL,

        Petitioner,

                              CASE NO. 11-12648

v.

                              HONORABLE PAUL D. BORMAN
THOMAS MACKIE,                  UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL OF PETITION (Dkt. #17),
DISMISSING THE AMENDED HABEAS PETITION (Dkt. #12),
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

      This is a *pro se* habeas corpus action under 28 U.S.C. § 2254.  Petitioner Taz Morris

Darnall is challenging a 2007 Macomb County conviction for second-degree murder.  He

commenced this action on June 20, 2011.  Respondent Thomas Mackie argues in a motion for

summary judgment and dismissal of the petition that the habeas petition is barred by the one-

year statute of limitations.  The Court agrees.  Consequently, the Court will grant Respondent's

motion and dismiss the habeas petition with prejudice.

**I.  Background**

      Petitioner was tried before a jury in Macomb County Circuit Court.  The trial court

instructed the jury on involuntary manslaughter as a lesser offense, but, on September 21, 2007,

the jury found Petitioner guilty, as charged, of second-degree murder.  *See* Mich. Comp. Laws §

750.317.  On October 31, 2007, the trial court sentenced Petitioner as a habitual offender to

imprisonment for thirty to seventy years with credit for 251 days.  The Michigan Court of

Appeals affirmed Petitioner's conviction and sentence in an unpublished decision, *see People v. Darnall*, No. 281999 (Mich. Ct. App. Aug. 25, 2009), and on January 29, 2010, the Michigan Supreme Court denied leave to appeal.  *See People v. Darnall*, 485 Mich. 1080 (2010) (table). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, and on April 29, 2010, the deadline for doing so expired.

On May 16, 2011, Petitioner signed and dated a motion for relief from judgment.  On June 14, 2011, the state trial court denied his motion, and on June 20, 2011, Petitioner filed his habeas corpus petition in this Court, along with a motion for the Court to hold his habeas petition in abeyance while he continued to pursue post-conviction remedies in state court.  On June 30, 2011, the Court granted Petitioner's request for a stay and closed this case for administrative purposes.

Petitioner then asked the state trial court to reconsider its denial of his motion for relief from judgment.  The trial court denied Petitioner's request, and on December 14, 2012, the Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision.  *See People v. Darnall*,  No. 311000 (Mich. Ct. App. Dec. 14, 2012).  Petitioner applied for leave to appeal in the Michigan Supreme Court, but, on March 19, 2013, the state Supreme Court rejected his application without filing it because it was untimely.

On March 11, 2014, Petitioner submitted an amended habeas corpus petition to this Court and a motion to reinstate his case on the Court's docket.  On April 18, 2014, the Court re-opened this case, and on October 14, 2014, Respondent filed his motion for summary judgment and dismissal of the petition.

## II.  Analysis

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions.  *Wall v. Kholi,* 562 U.S. 545, __, 131 S. Ct. 1278, 1283  (2011) (citing 28 U.S.C. § 2244(d)(1)).  The period of limitation runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitation period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' "  *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

For inmates like Petitioner who did not pursue direct review to the United States Supreme Court, "the judgment becomes final [under § 2244(d)(1)(A)] at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).  Petitioner's direct appeal came to an end on January 29, 2010, when the Michigan Supreme Court denied leave to appeal.  His conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) ninety days later

on April 29, 2010, when the deadline for seeking review in the United States Supreme Court expired. *Gonzalez*, 132 S. Ct. at 653-54; *see also* Sup. Ct. R. 13.1 (stating that a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the Supreme Court within ninety days after entry of the state court's judgment). The one-year period of limitation for filing a habeas petition began to run on the day after Petitioner's conviction became final. *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002). It expired one year later on April 29, 2011. Petitioner filed his motion for relief from judgment in state court seventeen days later on May 16, 2011, and on June 20, 2011, he filed his initial habeas corpus petition.

Although the limitation period is tolled while a properly filed application for post-conviction review is pending in state court, 28 U.S.C. § 2244(d)(2), the statute of limitations expired in this case seventeen days before Petitioner filed his motion for relief from judgment in state court. The motion and subsequent appeals from the trial court's decision did not " 'revive' the limitations period (i.e., restart the clock at zero," because the tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998) (quoted with approval in *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

Petitioner argues in favor of a delayed start to the running of the statute of limitations. He relies on 28 U.S.C. § 2244(d)(1)(B), which states that the limitation period can run from the date on which an impediment to filing an application is removed if the applicant was prevented from filing by state action. Petitioner asserts that the Michigan Supreme Court's rejection of his application for leave to appeal as untimely on March 19, 2013, was due to state officials'

interference with his constitutional right of access to the courts. Specifically, Petitioner asserts that his appeal to the state supreme court on collateral review was untimely because prison officials possessed his paper work and failed to provide him with legal assistance.

To support his argument, Petitioner submits an affidavit from an inmate named Darren Patton, who claims that he is a former legal writer and that he received Petitioner's legal documents on or about December 17, 2012. Patton alleges that he began working on Petitioner's application for leave to appeal in the Michigan Supreme Court, but then experienced a computer systems "crash" and lost Petitioner's file. Patton further avers that, at some point, he stopped working as a legal writer and that he instructed Petitioner to ask a prison official for legal assistance from someone else. The state official apparently declined to provide Petitioner with a substitute legal writer, and, as a result, Petitioner's application for leave to appeal in the Michigan Supreme Court on collateral review was untimely.

Petitioner's argument misses the point, because the federal statute of limitations expired before Petitioner filed his motion for relief from judgment in the state trial court. Therefore, his subsequent untimely appeal from the trial court's decision is irrelevant. The Court concludes that Petitioner's habeas petition is time-barred, absent equitable tolling of the limitation period or a showing of actual innocence.

### B. Equitable Tolling

The habeas statute of limitations is not a strict jurisdictional rule; instead, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." *Id*. 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland*'s two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied sub nom Hall v. Brunsman*, 133 S. Ct. 187 (2012).

Even assuming that Petitioner was diligent in pursuing his rights, he has not demonstrated that an extraordinary circumstance stood in his way of filing a timely habeas petition. As noted above, the one-year limitation period expired before Petitioner's legal writer lost Petitioner's file and before Petitioner was denied a substitute legal writer. Petitioner's *pro se* status, moreover, was "not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 141 (2012).

Thus, Petitioner is not entitled to equitable tolling of the limitation period.

### C. Actual Innocence

As an additional basis for excusing the untimely habeas petition, Petitioner asserts that he is innocent of the crime for which he was convicted and sentenced. Actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of his constitutional claims is the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Nevertheless, for a claim of actual innocence to be credible, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A]

6

petitioner does not meet the threshold requirement unless he persuades the district court that, in

light of the new evidence, no juror, acting reasonably, would have voted to find him guilty

beyond a reasonable doubt.'"  *Perkins*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).

Petitioner has not submitted any new and reliable evidence of actual innocence.

Therefore, AEDPA's time limitation applies here.  *See id.* at 1933 (stating that "AEDPA's time

limitations apply to the typical case in which no allegation of actual innocence is made").

## III.  Conclusion

Petitioner filed his habeas petition more than one year after his conviction became final,

and neither statutory tolling under 28 U.S.C. § 2244(d)(2), nor equitable tolling of the limitation

period, apply here.  Petitioner also has not demonstrated that he is actually innocent of the crime

for which he was convicted and sentenced.

Accordingly,

Respondent's Motion for Summary Judgment and Dismissal of Petition (Dkt. #17) is

**GRANTED** and the amended Petition for Writ of Habeas Corpus (Dkt. #12) is **DISMISSED**

with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because

reasonable jurists would not find the Court's procedural ruling incorrect, nor conclude that the

habeas petition states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529

U.S. 473, 484 (2000).  Nevertheless,

2:11-cv-12648-PDB-LJM   Doc # 20   Filed 01/05/15   Pg 8 of 8   Pg ID 1537

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal if he appeals this decision because he was granted permission to proceed *in forma pauperis* in this Court.  Fed. R. App. P. 24(a)(3).

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 5, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2015.


s/Deborah Tofil
Case Manager